IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO:   0:11-CV-62409-CIV-DIMITROULEAS/SNOW

NATURE'S PRODUCTS, INC.,
    Plaintiff,

v.

NATROL, INC., and
FCC PRODUCTS, INC.,
    Defendants.
_____/

NATROL, INC.,
    Counterclaim-Plaintiff,

v.

NATURE'S PRODUCTS, INC.,
    Counterclaim-Defendant.

_____/

We, the jury, return the following verdict:

### PART I – NPI's Claims Against Natrol

1.a.   Do you find, by preponderance of the evidence, having considered the affirmative defenses, that Natrol breached NPI's contract, with regard to the Recalled ProLab® protein powder products, which were subject to an FDA Recall?

        _____ Yes     ✓_____ No

1.b.   Do you find, by preponderance of the evidence, having considered the affirmative defenses, that Natrol breached NPI's contract, as to non-recalled protein powder products?

        ____✓____ Yes     _____ No

1

      1.c.    If your answers to both questions are NO, do you find by preponderance of the evidence, having considered the affirmative defenses, that Natrol was unjustly enriched because of its failure to pay NPI's invoices?

    _____ Yes     _____ No

*If your answer to all three questions (1.a., 1.b., 1.c.) is NO, your verdict is for Natrol on NPI's claims, and you should proceed to Part II., below. If your answer to any of the three questions is YES, please continue to answer question 2 and then proceed to Part II.*

    2.    What is the total amount of damages, if any, due to NPI for:

    (a)    Recalled ProLab® protein products: $ __0__

    (b    Non-Recalled products: $ __747,433.93__

## PART II – Natrol's Counterclaims Against NPI

    1.    The Court has previously determined as a matter of law that NPI signed and breached Natrol's Indemnity Agreement. Do you find by preponderance of the evidence, having considered the affirmative defenses, that NPI was the cause of damage to Natrol?

    __✓__ Yes     _____ No

    2.    Do you find, by preponderance of the evidence, having considered the affirmative defenses, that NPI breached a manufacturing contract with Natrol causing Natrol damage?

    __✓__ Yes     _____ No

    3.    Do you find, by preponderance of the evidence, having considered the affirmative defenses, that NPI breached any of the following warranties given to Natrol?

| | | |
|---|---|---|
| Express Warranty | __✓__ Yes | \_\_\_\_ No |
| Implied Warranty of Fitness | \_\_\_\_ Yes | __✓__ No |

*If your answers to both parts of Question No. 3 are NO, skip to Question No. 5. If your answer to either part of Question No. 3 is YES, proceed to Question No. 4.*

2

4. Do you find, by preponderance of the evidence, that NPI was the cause of damage to Natrol for breaching such warranty or warranties?

____✓____ Yes     _____ No

5. The Court has previously determined as a matter of law that NPI breached the Implied Warranty of Merchantability. Do you find, by preponderance of the evidence, having considered the affirmative defenses, that NPI was the cause of damage to Natrol?

____✓____ Yes     _____ No

*If all of your answers to Question Nos. 1, 2, 4, and 5 are NO, then the remaining question may be skipped. If any of your answers to Question Nos. 1, 2, 4, and 5 is YES, proceed to Question No. 6.*

6. What is the amount of damages, if any, sustained by Natrol as a result of the breach(es) by NPI?

$ 3,272,705.00

**SO SAY WE ALL.**

Dated this 24th day of October, 2013 in Fort Lauderdale, Florida.

FOREPERSON

3